IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHAWN M. SAMUELSON-BRANDON, | No. 3:24-cv-00233-HZ |
| Plaintiff(s), | OPINION & ORDER |
| v. | |
| THE USA SENATE, THE USA HOUSE, and THE WHITEHOUSE, | |
| Defendant(s). | |

Shawn Samuelson-Brandon
333 S.W. Park Place
Portland, OR

    Plaintiff, *Pro Se*

HERNÁNDEZ, District Judge:

    This matter is before the Court on Plaintiff Shawn Samuelson-Brandon's Application to Proceed *In Forma Pauperis*, ECF 2. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the Court grants Plaintiff's request to proceed *in forma*

1 – OPINION & ORDER

*pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons below, however, the Court dismisses Plaintiff's Complaint without service of process. *See* 28 U.S.C. § 1915(e).

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989)(*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000)(section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous when "it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

## DISCUSSION

### I.     Allegations

On February 5, 2024, Plaintiff Shawn Samuelson-Branson filed a pro se Complaint against the United States Senate, the United State House of Representatives, and the White House. Plaintiff's Complaint includes (1) his name and address, (2) a list of defendants without addresses, (3) an assertion of diversity jurisdiction, and (4) under the section for relief, the following statement: "I would like to leave this open as I want to help fix what the United States government coverup fail [*sic*] to do. Keep the USA and people safe." Compl., ECF 1, at 4. In the section for "Statement of Claims," Plaintiff states, "Please refer to civil cover sheet. I would like to verbally tell my story as I'm not good at putting on paper." *Id.* at 3.

On the civil cover sheet Plaintiff states the following:

> The white house and congress are covering up that John Walsh is also Peter North who is a or was a porn actor who worked with King Charles in Dark Lantern Enertament [*sic*] when they passed the current medicare bill that replaced the 1974 one they took away the very tools that people who were sexually abused would need. By defunding mental health. I would like to point to a document U.S. Department of Justice Civil rights Division report filed Jan 9 2008 to the governor Kulongoski then to a New York Times article dated Nov. 29, 1981 Oregon Hospital seeks to cure sex offenders. Not only that but I do believe that the people who broke into the Watergate hotel are also the very ones who now sit in government. I strongly feel that if your [*sic*] going to sexually abuse children and hide behind religion then use religion to cover up the crime and then make laws so that the very people you sexually abuse can't get help I would think two things. It becomes malichise [*sic*] and that you give up the right of immunity. I may not put this down on paper right. I can tell in words

> better. I would also like the courts to be aware of retaliation cases and I would also like to say we are dealing in 3's and more.

Compl., Ex. 1 at 2-3. On February 9, 2024, Plaintiff filed a document stating:

> I'm going off the see something say something. I believe I am from part of watergate and King Charles Dark Lantern entertainment and Joe Biden, John Walsh, congress and the Senate and white house. I knew trump under the name Bill and I may know him as another person. I went to school with him Vladamer, we have the people who broke into the hotel now in congress. Nixon and evlis [*sic*] I'm part of a sex abuse and traffic [*sic*]. I can show you the case better than wrighting [*sic*] it. We need to shut our country down. Our government is corrupt. Fox new [*sic*] well may very [illegible]. This cover up bis worse than the crime.

ECF 4 at 1-2.

## II.    Federal Rule of Civil Procedure 8

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court must sua sponte dismiss an action when the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." "In addition to the grounds for a sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed." *Herta v. Wiblemo*, No. 22-CV-1679-BAS-BGS, 2023 WL 116346, at *2 (S.D. Cal. Jan. 5, 2023)(citing *McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996)(upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant")). *See also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011)(collecting Ninth Circuit cases upholding Rule 8 dismissals when pleadings were "confusing," "largely irrelevant," "distracting, ambiguous, and unintelligible," "highly repetitious," and "consist[ing] of incomprehensible rambling"). Rule 8 requires that each pleading include a "short and plain statement of the claim,"

Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).

Plaintiff's Complaint and additional filing border on the incomprehensible. Plaintiff does not note a claim or statute under which he brings this action and the Court cannot decipher the allegations or how they relate to Defendants. The Complaint fails to give Defendants "'fair notice of what [P]laintiff's claim is and the grounds upon which it rests in order to enable [Defendants] to prepare an answer . . . and to identify the nature of this case.'" *Herta,* 2023 WL 116346, at *2 (citing *Isidro Mejia v. N.Y. Police Dep't*, 1:16-cv-9706-GHW, 2019 WL 3412151, at *7 (S.D.N.Y. July 28, 2019)). Plaintiff's Complaint, therefore, fails to comply with Rule 8. Accordingly, the Court dismisses Plaintiff's Complaint.

### III.   Jurisdiction

Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants. *See A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) ("It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")(quotations omitted)). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *United States v. Ceja-Prado*, 333 F.3d 1046, 1049-50 (9th Cir. 2003). *See also Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991)(same). Original jurisdiction must be based on either diversity of citizenship for cases involving more

than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331, 1332.

To establish diversity jurisdiction in the District of Oregon, a plaintiff must allege she resides in the State of Oregon, each of the defendants resides in another state, and the plaintiff seeks damages of more than $75,000. In the alternative, a plaintiff may establish diversity jurisdiction by alleging each of the defendants is a resident of Oregon, the plaintiff is a resident of another state, and the plaintiff seeks damages of more than $75,000. Plaintiff states he is an Oregon resident but he does not indicate the residency of the senator(s) or member(s) of the House of Representatives against whom he brings this action. Plaintiff also has not alleged any amount in controversy. Accordingly, Plaintiff has not alleged facts that establish this Court has diversity jurisdiction.

Plaintiff also has not alleged that Defendants violated Plaintiff's constitutional rights or that Defendants violated Plaintiff's rights under a federal law or statute. Plaintiff, therefore, has not alleged facts sufficient to establish this Court has federal-question jurisdiction. The Court notes that although an individual may, in some circumstances, assert a federal official or officer violated their federal constitutional rights, pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), those claims are limited and Plaintiff must make more than vague allegations to support such a claim.

**IV.   Legislative Immunity**

To the extent Plaintiff intends to challenge actions taken by United States Senators or Congresspersons related to legislation, both "enjoy immunity for actions taken in their legislative capacity." *Barton v. United States Senate*, No. C17-1105JLR, 2017 WL 3288175, at *1 (W.D.

Wash. Aug. 2, 2017)(citing *San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 476 (9th Cir. 1998)). *See also Alter v. McConnell*, No. 2:23-CV-05785-ODW-PD, 2023 WL 5719782, at *2 (C.D. Cal. Aug. 31, 2023)("Individual Members of Congress are immune from suit under the Speech or Debate Clause of the United States Constitution, for conduct that falls within the sphere of legitimate legislative activity.")(citing U.S. Const., Art. I, § 6, cl. 1; *Doe v. McMillan,* 412 U.S. 306, 311 (1973)(the Speech or Debate Clause "protects Members [of Congress] against prosecutions that directly impinge upon or threaten the legislative process"); *McCarthy v. Pelosi*, 5 F.4th 34, 39 (D.C. Cir. 2021)).

In addition, to the extent Plaintiff has stated any claim, it may be barred by the doctrine of sovereign immunity. "It is well settled that the United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Alter*, 2023 WL 5719782, at *3 (citing *United States v. Sherwood,* 312 U.S. 584, 586 (1941); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "A waiver of the federal government's sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Id*. (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Any such waiver will be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Agencies and officers of the United States also cannot be sued unless Congress has waived sovereign immunity. *Munns v. Kerry*, 782 F.3d 402, 412 (9th Cir. 2015). "[A]ny waiver must be unequivocally expressed in statutory text . . . and will not be implied." *Id*. (citation omitted; alteration and ellipsis in original). Plaintiff bears the burden to establish the existence of a waiver and absent one "courts have no subject matter jurisdiction over cases against the [federal] government." *Id*. (alteration in original). The bar of sovereign immunity "'applies alike to causes of action arising under acts of Congress and to those arising

from some violation of rights conferred upon the citizen by the Constitution.'" *Alter*, 2023 WL 5719782, at *3 (quoting *Lynch v. United States*, 292 U.S. 571, 582 (1934) (citations omitted)).

Plaintiff does not point to any statute that indicates Congress has waived sovereign immunity. Absent such a waiver, Plaintiff's claims against the United States Senate and House of Representatives are barred and subject to dismissal.

## IV.    Executive Immunity

To the extent that Plaintiff brings this action against President Biden, "executive power is vested in the President of the United States by Article II of the United States Constitution, and judicial interference in the exercise of that power is extremely limited, if not constitutionally prohibited, in order to preserve the separation of powers within the Federal government." *Glasco v. Biden*, No. CV 23-00202 PHX CDB, 2023 WL 2794849, at *2 (D. Ariz. Mar. 14, 2023), report and recommendation adopted, No. CV-23-00202-PHX-CDB, 2023 WL 2787810 (D. Ariz. Apr. 5, 2023)(citing *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475 (1865)). "The President of the United States is absolutely immune from suits for damages for conduct that is part of his official duties." *Id.* (citing *Forrester v. White*, 484 U.S. 219, 225 (1988); *Nixon v. Fitzgerald*, 457 U.S. 731, 756-58 (1982)). It is unclear from the Complaint what, if any, conduct by President Biden gave rise to Plaintiff's Complaint and whether Plaintiff seeks damages or injunctive relief. To the extent Plaintiff seeks to challenge actions by President Biden that are part of his official duties and/or Plaintiff seeks damages, such claims are barred and subject to dismissal.

IV.     **Leave to Amend**

The Court must give a pro se litigant must leave to amend his complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000)(citations omitted). Viewing all of the allegations in the Complaint and the supporting and supplemental documents as true, and construing all inferences in Plaintiff's favor, the Court concludes that the deficiencies in the Complaint cannot be cured by amendment. Plaintiff may not bring a claim challenging actions taken by United States Senators or Congresspersons related to legislation or a claim against President Biden for conduct that is part of his official duties.

## CONCLUSION

For these reasons, the Court grants Plaintiff's Application to Proceed In Forma Pauperis, ECF 2, and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED.

DATED:_____February 23, 2024_____.


_____
MARCO A. HERNÁNDEZ
United States District Judge